**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID ZEMER,**

               **Plaintiff,**       **CASE NUMBER: 11-15364**
                                     **HONORABLE VICTORIA A. ROBERTS**

**v.**

**AMERICAN HOME MORTGAGE SERVICING INC.,**

               **Defendant.**

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.**     **INTRODUCTION**

American Home Mortgage Servicing Inc. ("American Home"), foreclosed by advertisement on David Zemer's ("Zemer") home after he defaulted on his mortgage. Zemer says the foreclosure is invalid because he was not offered a proper loan modification. He also says that American Home applied unauthorized fees to his loan account, thereby increasing the amount of default. He asks the Court to declare the sale void.

Zemer asserts seven claims:

(I) Fraud, failing to provide written explanation of account information and collection of kickback and unearned fees under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Count One);

(II) Equitable Relief (Count Two);

(III) Breach of Contract/Wrongful Foreclosure (Count Three);

1

(IV) Violation of Michigan Foreclosure Law, MCL 600.3205a (Count Four);

(V) Violation of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA") for Failure to provide a loan Modification, MCL 445.1651 et seq. (Count Five);

(VI) Intentional Infliction of Emotional Distress (Count Six);

(VII) There is no Count Seven; and

(VIII) Violation of Michigan Foreclosure Law for failure to provide loan modification, MCL 600.3205a (Count Eight).

American Home moves to dismiss all claims for failure to state a claim on which relief can be granted.  Zemer agrees to the dismissal of Count VI and that there is no Count VII.  He disputes all other claims.

American Home's motion is **GRANTED**.

## II.   BACKGROUND

On February 23, 2006, Zemer obtained a mortgage loan from Argent Mortgage Company, LLC.  In exchange for the loan, Zemer signed a note and a mortgage as security.  American Home later purchased the loan.

In 2010, Zemer fell behind on his monthly mortgage payments and, to cure the default, he applied for a loan modification.  He says he was not offered a proper loan modification.  Zemer says he was approved for a loan modification but did not accept it because the modified monthly payment was higher than his current one.

On November 7, 2011, American Home began foreclosure proceedings.  The property was sold on December 14, 2011.

2

On November 21, 2011, Zemer wrote American Home requesting that it provide him with a complete payment history.  The letter says that Zemer requests an itemization of  fees applied to his account, such as interest, attorney fees, foreclosure costs, late charges and loan modification fees.  In the letter, Zemer also disputes that his insurance was not paid.  Zemer says American Home did not provide a timely or adequate response to his letter.

On December 7, 2011, Zemer filed this action.  His right to redeem the property expired on December 14, 2012.  Among other things, Zemer asks the Court to award him monetary damages, set aside, enjoin and declare the foreclosure action void *ab initio* or voidable, and award him attorney fees.

## II.    STANDARD OF REVIEW

### A.  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) dismissal is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. *Id.* However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must include in the complaint enough facts which allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010).

## III.    ANALYSIS

3

**A.    Violation of RESPA (Count One)**

Count One alleges that American Home violated RESPA by failing to provide a timely and adequate explanation for the fees on Zemer's account after he submitted a qualified written request ("QWR").

American Home says Zemer fails to plead a sufficient RESPA violation because its response was timely and adequate.  American Home also says that Zemer's claim fails because he did not properly plead damages.

There is no need for the Court to determine whether American Home adequately responded to Zemer's QWR because Zemer did not state a claim.  RESPA is a federal statute which prohibits kickbacks and unearned fees.  12 U.S.C. § 2607; see also *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415 (6th Cir. 2009).  RESPA says that a borrower may submit a QWR to its loan servicer for "information relating to the servicing of such loan."  12 U.S.C. § 2605(e)(1)(A).  Under RESPA, a servicer has twenty days to acknowledge receipt of a borrower's QWR and sixty days to respond to it. 12 U.S.C. §§ 2605(e)(1)(A) and 2605(e)(2).  Failure to timely or adequately respond entitles a borrower to actual damages. 12 U.S.C. § 2605(f).

When Zemer filed this action, there could not have been a RESPA violation; the time frame for American Home to respond to Zemer's QWR had not passed. *Pinchot v. Bank of Am., N.A.*, No. 12-cv-12994, 2012 U.S. Dist. LEXIS 178415 ( E.D. Mich. Dec. 18, 2012)(finding there was no RESPA violation because sixty day period to respond had not passed before bringing suit).  Zemer sent his QWR on November 21, 2011. This action was filed on December 7, 2011; more than a month remained before a response was due.

4

Indeed, American Home timely responded to Zemer's QWR; it sent acknowledgment of receipt of the QWR on December 1, 2012, and responded on January 11, 2012.  These responses fell within the statutory time frame.

Furthermore, Zemer's general allegation of damages is not sufficient to state a claim.  Courts hold that to maintain a RESPA claim, a plaintiff must allege that the violation resulted in actual pecuniary damages. *See Pliam v. Cendant Mortg. Corp.*, Civ. No. 11-3720 (RHK/JSM), 2012 U.S. Dist. LEXIS 58222, at *3 (D. Minn. Apr. 26, 2012) ("While RESPA  itself does not set a pleading standard, courts have interpreted the statute to require a showing of pecuniary damages in order to state a claim.").  Zemer's damages allegation is, "As a result of these violations, the Plaintiff suffered damages." This allegation is insufficient.

Count One is dismissed.

**B.    Wrongful Foreclosure**

**1.    Breach of Contract/Wrongful Foreclosure (Count Three)**

In Count Three Zemer alleges American Home foreclosed while he was current on his mortgage loan, and thus breached their mortgage agreement.  This claim contradicts other allegations in Zemer's complaint and response brief.  At all times Zemer says that he defaulted on his loan due to a hardship.

Count Three is dismissed.

**2.    Violation of Michigan Foreclosure Law for failure to comply with MCL 600.3205a (Counts Four and Eight)**

Zemer says that American Home violated Michigan's foreclosure laws by failing to: (1) prepare proper affidavits, (2) accurately list the contents of the advertisement, (3)

file a notice of adjournment, (4) notify him of the notice of adjournment, (5) notify him of foreclosure proceedings, and (6) modify his loan.  Zemer also says American Home charged him unauthorized attorney fees.

American Home says that because Zemer's right to redeem the property expired, Zemer must establish irregularities in the foreclosure proceeding, and prejudice to set aside the sale.  Zemer's complaint supports neither.

In *Kim v. JPMorgan Chase Bank, N.A.*, No. 144690, 2012 Mich. LEXIS 2220 (Mich. Dec. 2012), the Michigan Supreme Court set forth the standard to challenge a foreclosure after the redemption period has expired.  The *Kim* court held "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable." *Id.* at *21.  Thus, a foreclosure may only be set aside if a plaintiff establishes irregularities in the foreclosure proceedings and that he was prejudiced by these irregularities. *Id.*

Many courts have held that the irregularities Zemer pled do not warrant setting aside a sale.  Count Four is dismissed.

### 3.    MBLSLA Violations (Count Five)

Count Five alleges a violation of MBLSLA.  Zemer says American Home fraudulently led him to believe that his loan would be modified.  Zemer acknowledges that American Home offered him a loan modification; however, he says it was a sham. He says American Home's failure to offer a loan modification with a lower monthly payment than his current loan establishes that American Home did not intend to modify his loan.  American Home says this claim must be dismissed because Zemer fails to plead fraud with particularity.  The Court agrees.

To establish fraud Zemer must allege:

6

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Belle Isle Grill Corp*, 256 Mich. App. 463, 477; 666 N.W.2d 271 (2003).

Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be pled with particularity.  Fed. R. Civ. 9(b).  To meet this pleading standard, Zemer "must at the minimum allege the time, place and contents of the misrepresentation(s) upon which [he] relied."  *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

Zemer's fraud claim is void of facts and specificity and fails to allege and support the necessary elements.  Zemer alleges American Home "engaged in fraud, deceit, and/or material misrepresentations in connection with this transaction."  He does not say when the fraud occurred or that American Home had a duty to offer him a loan with a lower monthly mortgage payment.

In Count Five, Zemer also alleges that American Home charged him unreasonable, illegal fees; but, this allegation is also insufficient to state a claim under MBLSLA.  *Iqbal* requires that a plaintiff allege enough facts for a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Zemer fails to allege what fees were charged and why they were not supported by law; no reasonable inference concerning American Home's liability can be made.

Zemer's general allegation that American Home "fail[ed] to conduct their business in accordance with the Act and other laws[,]" is also insufficient for these same

7

reasons.

Count Five is dismissed.

### 4.    Equitable Relief (Count Two)

Zemer seeks equitable relief to enjoin the foreclosure.  Injunctive relief is awarded only under extraordinary circumstances. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002).  Zemer's case is not extraordinary; equitable relief will not be granted.

When deciding whether to issue a preliminary injunction, the district court considers the following factors: "(1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (quoting *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).

The Court has already found that dismissal is warranted on all substantive Counts.  Zemer does not address the other factors or carry his burden to show that he is entitled to extraordinary relief.

Count Two is dismissed.

## C.    Leave to Amend

In his response brief Zemer requests leave to amend his complaint.  But, leave to amend is not warranted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure says that a court may freely

8

grant leave to amend a pleading "when justice so requires," in order to ensure that a case is tried on its merits "rather than [on] the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

Zemer acted dilatory in requesting leave to amend. American Home filed its motion to dismiss in March of 2012; it is now February of 2013. Zemer has been on notice for the last eleven months that his complaint is deficient and yet he filed no proposed amended complaint. Pursuant to E.D. Mich. LR 15.1, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." It is not an abuse of this Court's discretion to deny leave to amend when a plaintiff fails to comply with this local rule. *Lessl v. Citimortgage, Inc.*, No. 11-2285, 2013 U.S. App. LEXIS 3718 (6th Cir. 2013)(citing cases).

Leave to amend is denied.

## IV.   CONCLUSION

American Home's motion is **GRANTED**. Zemer's claims are **DISMISSED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
Dated: February 28, 2013          United States District Judge

9

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 28, 2013.

S/Carol A. Pinegar
Deputy Clerk